FILED
JUNE 9, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 3:08-cv-50100   Document 1   Filed 06/09/2008   Page 1 of 3

08 C 50100

JUDGE KAPALA
MAGISTRATE JUDGE MAHONEY

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| WILKE TRUST, <br> HOWARD WILKE, as Trustee, <br>     Plaintiff, <br>     v. <br> RG GLOBAL LIFESTYLES, INC. <br> And GRANT KING, as Chief Executive Officer, <br>     Defendants. | ) <br> )    CIVIL ACTION NO. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

NOW COMES the Plaintiff, WILKE TRUST and HOWARD WILKE, as Trustee, by and through their attorney, Law Offices of Robert D. Lowe, Complaining of Defendants, RG GLOBAL LIFESTYLES, INC. and GRANT KING, as Chief Executive Officer. Plaintiffs further state:

1. WILKE TRUST is a Trust created under the laws of the State of Illinois.

2. HOWARD WILKE, as Trustee, resides in the County of McHenry, State of Illinois and is, otherwise, a citizen of the State of Illinois.

3. RG GLOBAL LIFESTYLES, INC. (hereinafter, "RG GLOBAL") is a California corporation with its principle offices located at 30021 Tomas, Suite 200, Rancho Santa Margarita in the County of Orange, State of California and is, otherwise, a citizen of the State of California.

4. GRANT KING was chief executive officer of RG GLOBAL on January 12, 2007, and has been at all relevant times.

5. Original Jurisdiction is proper under 28 USC §1332, in that the Defendants reside in a different state from that of Plaintiff and the amount in controversy exceeds $75,000.00.

6. Venue is proper under 28 USC §1391, in that a substantial amount of the transaction at issue took place in the County of Winnebago, in the State of Illinois.

## COUNT I - ACTION ON PROMISSORY NOTE

## DEFAULT ON PROMISSORY NOTE

Plaintiff repleads and incorporates by reference Paragraphs 1 through 6.

7. Defendant is in default of a promissory note.

8. On January 12, 2007, Defendants, as borrowers, negotiated a written promissory note (hereinafter, "NOTE"), whereas, Defendants, as makers of NOTE, unconditionally promised to pay Plaintiff, as lender and holder in due course of NOTE, the amount of $350,000.00 upon the Maturity Date of January 11, 2008, plus accrued interest at a rate of 8% per annum from January 12, 2007.  (See Exhibit A)

9. NOTE contained an unconditional promise to pay a fixed amount of money, which included fixed formulas for interest to accrue.

10. NOTE was to be paid at a definite time and also provided for payment on demand.

11. NOTE is, and has always been since NOTE first issued, payable to Plaintiff, as evidenced by the terms on NOTE.

12. In exchange for the NOTE, Plaintiff agreed to lend Defendants the principal amount of $350,000.00.

13. Plaintiff did lend Defendants the principal amount, under the terms of NOTE.

14. Defendants have not paid Plaintiff any amount of the principal amount or accrued interest.

15. Plaintiff has made several demands for payment of the $350,000.00 plus any interest since January 11, 2008.

16. Under terms of the NOTE, Plaintiff is entitled to 11% interest per annum on the total sum of the unpaid principal plus accrued interest after the Maturity Date of January 11, 2008.

17. Plaintiff is entitled reasonable attorney fees, under terms of the promissory note and warrant, for litigating this matter.

WHEREFORE, Defendants are in default of their obligation to pay Plaintiff on NOTE, Plaintiff prays this Honorable Court enter Judgement in its favor and against Defendants in the amount of $395,097.00, which is calculated to be the total of the principal,$350,000.00, plus 8% simple interest per annum from January 12, 2007, to January 11, 2008, plus 11% simple interest per annum from January 11, 2008, to June 09, 2008, on the total sum of principal plus the 8% interest. In addition, Plaintiff prays for reasonable attorney fees, plus court costs, plus any other remedy this Court deems just.

                WILKE TRUST and
                HOWARD WILKE, as Trustee,
                Plaintiff,
                By:

                    /s/ Robert F. May
                Robert F. May
                202 West State St., Ste. 200
                Rockford, IL 61107
                E: attorney.it@gmail.com

Robert F. May, Attorney No. 6291788
LAW OFFICES OF ROBERT D. LOWE
202 West State Street, Suite 200
Rockford, Illinois 61101
TEL: (815)877-2500
FAX: (815)877-2300

-3-

PROMISSORY NOTE

RG Global Lifestyles, Inc.                        08 C 50 100

8.0% Unsecured Convertible Promissory Note

Due January 11, 2008

U.S. $350,000                                             January 12, 2007

     FOR VALUE RECEIVED, the undersigned, RG Global Lifestyles, Inc., a California corporation ("Borrower"), hereby promises to pay to Wilke Trust, a trust ("Lender"), the principal sum of Three Hundred Fifty Thousand Dollars ($350,000) ("Principal Sum"), or such lesser amount as may then be outstanding, together with accrued but unpaid interest thereon, on January 11, 2008 ("Maturity Date"). Interest on the outstanding Principal Sum shall be at a rate of 8.0% per annum ("Interest"). If all or a portion of the Principal Sum or Interest shall not be paid when due (whether at its stated maturity, by acceleration or otherwise), the Borrower hereby promises to pay, on demand, interest on such overdue amount from and including the due date to, but excluding, the date such amount is paid in full at 11% per annum (and until the date such overdue amount is paid in full, "Interest" on such overdue amount shall mean interest at such rate).

1.    Conversion.

     The Lender has the right at any time on, or subsequent to, the Maturity date of this Note to convert the Principal Sum, or such lesser amount as may then be outstanding, together with accrued but unpaid interest thereon, into shares of restricted Common Stock of the Borrower by surrendering this Note to the Company, together with an executed Notice of Conversion substantially in the form attached hereto as Exhibit 3, at the Borrower's primary executive office. Upon receipt of such notice and surrender of the Note by the Holder, or on such later date as specified in the Notice of Conversion, the Company shall deliver to the Holder within a reasonable time, without payment by the Holder of any cash or other consideration, that number of shares of Common Stock computed using the following formula:

$$X = Y/B$$

Where:    $X$ = the number of shares of Common Stock to be issued to the Holder

       $Y$ = Principal Sum or such lesser amount as may then be outstanding, together with accrued but unpaid interest thereon

       $B$ = Lowest closing price of RGBL.OB Common Stock during the period starting on Dec 26th, 2006 and continuing thru the term of Note prior to the date of conversion, but not to be below $0.10 under any circumstances.

     This Note is being delivered pursuant to that certain Note and Warrant Purchase Agreement, dated as of January 12, 2007, between the Borrower and the Lender (the "Note and Warrant Purchase Agreement"). All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Note and Warrant Purchase Agreement.

2.    Payment.

     Payment of the Principal Sum and Interest on the Maturity Date shall be made by certified or bank cashier's check payable to the Lender at the Lender's principal address, or by bank wire transfer, in immediately available funds, to the account so specified, in lawful money of the United States of

America. The Borrower may prepay this Note at any time, without premium or penalty, in whole or in part, with accrued interest to the date of such payment on the amount prepaid. If the Maturity Date occurs on a date that is not a Business Day then the Principal Sum or Interest then due shall be paid on the next succeeding Business Day. "Business Day" shall mean any day other than Saturday, Sunday or any day upon which banks are authorized or required to be closed.

3.   Default and Remedies.

(a)   If any of the following events or conditions (each an "Event of Default") shall occur and be continuing:

(i)   The Borrower shall fail to pay the Principal Sum when and as the same shall become due and payable, whether at its stated maturity, by acceleration or otherwise;

(ii)   The Borrower shall fail to pay any Interest when and as the same shall become due and payable, whether at its stated maturity, by acceleration or otherwise;

(iii)   The Borrower fails to grant and deliver the Warrant in accordance with the terms of the Note and Warrant Purchase Agreement;

(iv)   an involuntary proceeding shall be commenced or an involuntary petition shall be filed in a court of competent jurisdiction seeking (A) relief in respect of the Borrower, or of a substantial part of the property or assets of the Borrower, under Title 11 of the United States Code, as now constituted or hereafter amended, or any successor to or replacement of such statute, or any other Federal or state bankruptcy, insolvency, receivership or similar law, (B) the appointment of a receiver, trustee, custodian, sequestrator, conservator or similar official for the Borrower or for a substantial part of the properties or assets of the Borrower or (C) the winding-up, liquidation or dissolution of the Borrower; and such proceeding or petition shall continue undismissed for 90 days or an order or decree approving or ordering any of the foregoing shall be entered; or

(v)   the Borrower (A) voluntarily commences any proceeding or files any petition seeking relief under Title 11 of the United States Code, as now constituted or hereafter amended, or any successor to or replacement of such statute, or any other Federal or state bankruptcy, insolvency, receivership or similar law, (B) consents to, or fails to contest in a timely and appropriate manner, the commencement against of any proceeding or the filing of any petition described in clause (v) above, (C) applies for or consents to the appointment of a receiver, trustee, custodian, sequestrator, conservator or similar official for the Borrower or for a substantial part of the properties or assets of the Borrower, (D) files an answer admitting the material allegations of a petition filed against it in any such proceeding, (E) makes a general assignment for the benefit of creditors, (F) becomes unable, admits in writing its inability or fails generally to pay its debts as they become due or (G) takes any action for the purpose of effecting any of the foregoing; then, (x) in the case of an Event of Default specified in clause (a)(i), (ii), or (iii) above, the Lender may, at any time during the continuance of such Event of Default, by written notice to the Borrower, declare the entire outstanding Principal Sum, together with all accrued and unpaid Interest, to be due and payable and (y) in the case of an Event of Default specified in clauses (a)(iv) or (v) above, the entire outstanding Principal Sum, together with all accrued and unpaid Interest, shall automatically forthwith become due and payable without presentment, protest or notice of any kind, all of which are hereby expressly waived by the Borrower.

(b)   Subject to the other terms of this Note, if an Event of Default occurs and is continuing, the Lender may pursue any available remedy to collect

the payment of the Principal Sum or Interest or to enforce the performance of any provision of this Note. If an Event of Default occurs and is continuing, the Lender may proceed to protect and enforce its rights by any action at law, suit in equity or other appropriate proceeding. In the case of a default in the payment of the Principal Sum or Interest, the Borrower will pay to the Lender such further amount as shall be sufficient to cover the costs and expenses of collection, including, without limitation, reasonable attorneys' fees, expenses and disbursements.

4.  Notices

All notices, instructions and other communications given hereunder or in connection herewith shall be in writing. Any such notice, instruction or communication shall be sent to:

If to the Borrower to:    RG Global Lifestyles, Inc.
                          30021 Tomas, Suite 200
                          Rancho Santa Margarita, CA 92688
                          Attention: Chief Executive Officer
                          Facsimile: (949) 888-9525

If to the Lender to:
                          Wilke Trust
                          202 West State Street Suite 200
                          Rockford, IL 61101
                          Attention: Attorney Robert Lowe
                          Fax: 815-877-2300

5.  Miscellaneous.

This Note shall be construed and enforced in accordance with the laws of the State of California, without regard to its conflicts of laws rules. The Borrower waives presentment, demand, notice, protest and all other demands and notices in connection with the delivery, acceptance, performance, default and enforcement of this Note. The Borrower hereby irrevocably and unconditionally submits, for itself and its property, to the non-exclusive jurisdiction of the courts of the State of California and of the United States District Court for the District of California, and any appellate court of such courts, in any action or proceeding arising out of or relating to this Note, or for recognition or enforcement of any judgment, and the Borrower hereby irrevocably and unconditionally agrees that all claims in respect of any such action or proceeding may be heard and determined in such California court (or, to the extent permitted by law, in such federal court). The Borrower agrees that a final, unappealable judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law. Nothing in this Note shall affect any right that the Lender may otherwise have to bring any action or proceeding relating to this Note against the Borrower or its properties in the courts of any jurisdiction.

If any provision of this Note shall be held invalid or unenforceable by any court of competent jurisdiction, that holding shall not invalidate or render unenforceable any other provision hereof.

This Note may not be changed, amended or modified except by agreement in writing signed by the Borrower and the Lender.

　　　　IN WITNESS WHEREOF, the Borrower has caused this Note to be signed on its behalf, in its corporate name, by its duly authorized officer as an instrument under seal, as of the day and year first above written.

　　　　　　　　　　　　　　　　RG Global Lifestyles, Inc.

　　　　　　　　　　　　　　　　_/s/ William C. Hitchcock, CFO_
　　　　　　　　　　　　　　　　William C. Hitchcock
　　　　　　　　　　　　　　　　Chief Financial Officer